UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SUE CANNEDY § | | |
|     Plaintiff, § | | |
| § | | |
| vs. § | | 4:16-cv-00028-O |
| § | | Civil Action Number |
| STATE AUTO PROPERTY & CASUALTY § | | |
| INSURANCE COMPANY § | | |
|     Defendant. § | | |

## DEFENDANT'S VERIFIED MOTION TO ABATE

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant, State Auto Property & Casualty Insurance Company, files its Motion to Abate, and respectfully shows as follows:

## I.
## INTRODUCTION

1. On December 18, 2015, Plaintiff sent its "notice pursuant to the Tex. Ins. Code § 541.154." A copy of this correspondence is attached as Exhibit A. No estimates supporting Plaintiff's damage calculations were attached to this correspondence.

2. Despite the indication in the December 18, 2015 correspondence that Plaintiff would wait to file suit for sixty (60) days, Plaintiff filed its Original Petition in the District Court for the 17th Judicial District, Tarrant County, Texas on the same date (December 18, 2015). Plaintiff's Original Petition alleges breach of contract and violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act (DTPA). Defendant was not served with Plaintiff's Original Petition until December 28, 2015.

3. Defendant has filed its Notice of Removal and Original Answer in this Court contemporaneously with the filing of this Motion.

## II.
## ARGUMENT

4. As this Court's jurisdiction over this matter lies in diversity under 28 U.S.C. § 1332(a), Texas state law is the substantive law that governs in this matter.

### A. *Plaintiff's December 18, 2015 correspondence does not comply with the timing requirements set forth in the Insurance Code and DTPA.*

5. Plaintiff's December 18, 2015 correspondence was the first notice that Defendant received from Plaintiff pursuant to the DTPA and the Texas Insurance Code. *See* Exh. B.

6. Plaintiff's December 18, 2015 letter does not constitute proper notice under the DTPA or Texas Insurance Code because it does not comply with the required timeframe for notice. Both the DTPA and Insurance Code require that notice provide Defendant with sixty (60) days to evaluate the demand. *See* Tex. Bus. & Com. Code Ann. §§ 17.505; Tex. Ins. Code Ann. § 541.154. Plaintiff's December 18, 2015 correspondence was sent on the same day that Plaintiff filed her Original Petition. *See* Exh. A.

7. If a plaintiff's demand does not comply with the notice provisions of the DTPA and the Insurance Code, abatement is appropriate until sixty (60) days have passed from the date the notice was sent. *See Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992); *see also In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 176 (Tex. 1999). Abatement is the proper remedy when sixty (60) days' notice is not provided, as required by the pertinent statutes. *See Hines*, 843 S.W.2d at 468.

8. The purpose of providing sixty (60) days' notice is to discourage litigation and encourage settlements of consumer complaints. *See id*.

9. If sufficient notice was not provided under the DTPA or the Texas Insurance Code, this Court must abate the suit until the sixtieth (60th) day after the date that proper written

notice is served. *See* Tex. Bus. & Com. Code Ann. §§ 17.505(c)-(e); *see also* Tex Ins. Code Ann. § 541.155.

### B. *Plaintiff's December 18, 2015 correspondence was substantively deficient under the Insurance Code and DTPA.*

10. In addition to the deficiencies regarding the timing of Plaintiff's notice, Plaintiff's December 18, 2015 correspondence does not provide sufficient detail under the DTPA or Insurance Code.

11. The DTPA requires the consumer to give written notice advising "the person in reasonable detail of the consumer's <u>specific</u> complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant." Tex. Bus. & Com. Code Ann. § 17.505 (emphasis added).

12. Similarly, the Texas Insurance Code requires that notice of "the <u>specific</u> complaint" be provided not later than the 61st date before the date the cause of action is filed. Tex Ins. Code Ann. § 541.154 (emphasis added).

13. Plaintiff's December 18, 2015 correspondence does not provide reasonable detail of the Plaintiff's specific complaints. Plaintiff's correspondence merely recites provisions of the Texas Insurance Code, without providing any facts to demonstrate how these Insurance Code provisions were allegedly violated by Defendant. *See* Exh. A. General, conclusory statements without factual information about the cause of action is insufficient under the DTPA and Texas Insurance Code. *See generally e.g.*, *Ross v. Nationwide Ins. Co. of America*, 2011 WL 11201 (S.D. Tex. January 3, 2011); *Corona v.*

*Nationwide Prop. & Cas. Ins. Co.*, 2010 WL 2636119 (S.D. Tex. June 29, 2010); *Little v. Allstate Texas Lloyd's*, 2010 WL 2612639 (S.D. Tex. June 29, 2010).[1]

14. Additionally, Plaintiff's December 18, 2015 correspondence provides no indication as to how the DTPA was allegedly violated; in fact, Plaintiff's correspondence fails to mention the DTPA at all, even though this was a basis for liability in Plaintiff's Original Petition. *See* Exh. A.

15. If a plaintiff's demand does not comply with the notice provisions of the DTPA and the insurance code, abatement is appropriate until sixty (60) have passed from the date proper notice is provided. *See Hines*, 843 S.W.2d at 468. Defendant requests that Plaintiff be required to resend notice that comports with the specificity requirements set forth in the Insurance Code and DTPA. Defendant further requests that this action be abated until the expiration of sixty (60) days after the date proper notice is provided.

### C. *Defendant's Motion is timely and abatement is the proper remedy.*

16. A motion to abate is considered timely if filed not later than the thirtieth (30th) day after the person files an original answer in the court in which the suit is pending. Tex. Bus. & Com. Code Ann. § 17.505(c). Defendant's original answer is filed contemporaneously herewith and, therefore, this Motion to Abate is therefore timely.

17. Defendant respectfully requests that Plaintiff be required to resend notice that comports with the specificity requirements set forth in the Insurance Code and DTPA, and that this matter be abated for sixty (60) days from the date on which the notice is resent. Alternatively, if this Court determines that Plaintiff's December 18, 2015 notice was substantively sufficient under the Insurance Code and DTPA, Defendant requests that this

---

[1] Defendant has not attached as exhibits any of the case law cited in this motion. However, Defendant will provide copies of these cases to the Court upon request.

matter be abated for sixty (60) days from the date that the December 18, 2015 correspondence was received—to and including February 16, 2016.

18. Said request is not made for purposes of delay, but is in the interest of judicial economy as it provides the parties additional opportunity to explore settlement.

## III.
## PRAYER

WHEREFORE PREMISES CONSIDERED, Defendant State Auto prays that this case be abated as set forth in Paragraph 16 above, and for all other relief just and proper in the premises.

Respectfully submitted,

*/s/Sterling Elza*
Sterling Elza
State Bar No. 24026823
Alicia A. Murphy
State Bar No. 24095005
Brown, Dean, Wiseman, Proctor,
   Hart & Howell, L.L.P.
306 West 7th Street, Suite 200
Fort Worth, Texas  76102-4905
Tel:  817/332-1391
Fax:  817/870-2427
Email: selza@browndean.com
amurphy@browndean.com

**ATTORNEYS FOR DEFENDANT, STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing was served upon the Plaintiff, by serving counsel of record, Richard D. Daly and Sheldon Paul Wayne, Daly & Black, P.C., 2211 Norfolk Street, Suite 800, Houston, Texas 77098, (713) 655-1587, via fax and certified mail, return receipt requested, on this the 15th day of January, 2016.

                                                    ___*/s/ Sterling Elza*_____
                                                    Sterling Elza